IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLORIA MACDANGDANG ILAR; JEFFREY S. HAMILTON; and KALEIMAEOLE NOLA LINDSEY LATRONIC, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>ROUTH CRABTREE OLSEN, P.S., a Washington professional service corporation; RCO HAWAI'I LLLC, a Hawaii limited liability law company; FORECLOSURE EXPEDITORS/INITIATORS LLC, a Washington limited liability company; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; STEPHEN D. ROUTH, individually; DAVID E. FENNELL, individually; DEREK W.C. WONG, individually; and DOE DEFENDANTS 1-50,<br><br>              Defendants.<br>_____ | CIVIL. NO. 13-00145 SOM/RLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION UNDER LOCAL RULE 40.2 TO REASSIGN SIMILAR CASES |

**ORDER GRANTING PLAINTIFF'S MOTION UNDER
LOCAL RULE 40.2 TO REASSIGN SIMILAR CASES**

**I.       INTRODUCTION.**

        This is a motion brought by Plaintiffs Gloria

Macadangdang Ilar, Jeffrey S. Hamilton, and Kaleimaeole Nola

Lindsey Latronic, individually and on behalf of all others

similarly situated ("Plaintiffs"), to reassign this case to Judge

Derrick K. Watson and Magistrate Judge Barry M. Kurren pursuant

to Local Rule 40.2 ("Motion").  ECF No. 29.  Plaintiffs assert that this case is "substantively identical" to Degamo v. Bank of America, Civil No. 13-00141, which is currently pending before Judge Watson and Magistrate Judge Kurren.  Id. at 2.

Defendants Foreclosure Expeditors/Initiators, LLC, and Northwest Trustee Services, Inc.; Defendants Routh Crabtree Olsen, P.S.; RCO Hawaii LLLC; Stephen D. Routh; David E. Fennell; Brett P. Ryan; and Derek W.C. Wong (collectively, "Defendants") oppose Plaintiffs' Motion.  See ECF Nos. 36 and 37.

After careful consideration, the court grants Plaintiffs' Motion in the interest of efficiency.

**II.     BACKGROUND.**

Both the Ilar case and the Degamo case were originally assigned to this court.  See, e.g., Degamo, ECF No. 2.  On June 25, 2013, this court recused itself from Degamo after an appearance in that case was entered by an attorney from whose cases this judge routinely recuses herself.  See Degamo, ECF No. 31.  The case was randomly reassigned to Judge Watson.  Id.  Shortly thereafter, on July 1, 2013, Plaintiffs moved to reassign the present Ilar case to Judge Watson as well.  Ilar, ECF No. 29.  In their Motion, Plaintiffs argue that Ilar and Degamo could be heard more expeditiously by the same judge because of numerous substantive and procedural similarities between the two cases.  Id. at 5-6.

Defendants raise two primary objections to Plaintiffs' Motion.

First, Defendants argue that "there is no indication that this case would be handled more expeditiously if it were transferred from Judge Mollway to Judge Watson." ECF No. 36 at 3. Defendants note that this judge has recently heard and dismissed three foreclosure cases filed by Plaintiffs' attorneys. See Lima v. Deutsche Bank Nat'l Trust Co. and Gibo v. U.S. Bank, 2013 WL 1856255 (D. Haw. May 6, 2013); Bald v. Wells Fargo Bank, 2013 WL 2453271 (D. Haw. June 5, 2013).

Second, Defendants argue that this Motion "is nothing more than a shameless attempt by Plaintiffs to transfer this case to a judge who has not already rejected many of the arguments and claims they again seek to advance in this matter." ECF No. 36 at 3. See also ECF No. 37 at 3-4 (arguing that Ilar could be handled more expeditiously by this court because it is substantively similar to Gibo/Lima and Bald). Defendants assert: "It is no secret that Plaintiffs' counsel strongly disagrees with Judge Mollway's consolidated order in the Lima and Gibo cases." ECF No. 36 at 5. Defendants refer this court to Plaintiffs' Memorandum in Opposition to Defendant Foreclosure Expeditors/Initiators, LLC and Northwest Trustee Services, Inc.'s Motion to Dismiss First Amended Complaint ("Plaintiffs'

Opposition"). See, e.g., ECF No. 30 at 3 ("The Consolidated Order thus has the hallmarks of having been prepared in haste without the careful deliberation we expect from the Court."); at 9 ("Such 'heads I win, tails you lose' reasoning hardly inspires confidence in the conclusion it produces.").

**III.    STANDARD.**

Reassignment on the grounds of efficiency is addressed by Local Rule 40.2.  That rule, bearing the heading "Assignment of Similar Cases," states:

> Whenever it shall appear that civil actions or proceedings involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same judge, then the chief district judge or any other district judge appointed by the chief district judge in charge of the assignment of cases may assign such cases to the same judge.  Each party appearing in any such action may also request by appropriate motion that said cases be assigned or reassigned to the same judge.  Filing of a related-case notice may result in the direct assignment of a case to the judge presiding over the pending related case.[1]

---

[1] Apparently anticipating a dispute as to whether reassignment should occur, Plaintiffs raised this issue by filing a motion.  This is fairly unusual. While reassignment may be triggered by a party's assertion that cases are related, it often arises from a judge's review independent of any party.  In either of those circumstances, the judges on the affected cases frequently check with each other to ensure no judge who might gain or lose a case through reassignment objects, based on the

4

**IV.    ANALYSIS.**

Having reviewed the Complaints in both cases, this court agrees with Plaintiffs that <u>Ilar</u> and <u>Degamo</u> are substantively identical or similar and could be handled more expeditiously if they were heard by the same judge. <u>Ilar</u>, ECF No. 29 at 6.

With regard to Defendants' first argument, the court is not persuaded that its past experience with Plaintiffs' counsel in similar cases renders this court better suited than any other judge to hear the present case. <u>Gibo/Lima</u> and <u>Bald</u> have been dismissed and are not presently before the court. The court stresses, however, that its conclusion is in no way affected by Plaintiffs' suggestion that granting this Motion would avoid the appearance of impropriety. The court does not agree that retaining this case risks giving rise to any such appearance.[2]

---

unique circumstances of one or more of the cases, to application of Local Rule 40.2. This may occur without any motion. In <u>Lizza v. Deutsche Bank National Trust Co.</u>, Civil No. 13-00190, a motion to reassign was filed, as it was here. Judge Helen Gillmor ordered full briefing. A similar motion was filed many months earlier in the <u>Gibo</u> case, which was then assigned to Judge Leslie Kobayashi. The judge in the <u>Lima</u> case, as the chief judge, summarily granted that motion after confirming that Judge Kobayashi did not object. However, given the objections the court has come to anticipate in cases involving Plaintiffs' attorneys and lenders' attorneys, reassignment motions are now being routinely filed in cases involving nonjudicial foreclosure class actions, as occurred in Judge Gillmor's case.

[2] Plaintiffs argue that this court should reassign the case because "rulings in favor of the RCO Defendants in this case, particularly if reached before <u>Degamo</u> (a case where the

The court agrees with Plaintiffs' counsel that the present case includes issues not raised in Gibo/Lima and Bald. Reply at 8-10. Further, the court agrees that the present case is more like Degamo than like Gibo/Lima and Bald. As Plaintiffs explain:

> [U]nlike Gibo and Lima, the attorney defendants here are and in Degamo are being sued over the "quitclaim deed" advertisements. Second, [Ilar] involves several claims that were not asserted at all in Gibo, Lima and Bald. As just two examples of several such new claims . . . (1) the claim that auctions were scheduled less than 29 days after the first published advertisement . . . and (2) the claim that auction advertisements that threatened the penalty of forfeiture of the buyers' 10% down-payments were an improper "chill" on the bidding in violation of Hawai`i's public policy.

---

obligatory Rule 12 motion is not scheduled to be heard until October 2013) may redound to the benefit of the RCO Defendants in that case and thus aid and assist the very attorney as to whom Judge Mollway seeks to take a "hands off" posture." Motion at 4. Plaintiffs contend that "the appearance of such aid [to that attorney] could arise. If both cases are pending before the same judge, be it Judge Watson or someone else, no such shadow can be thrown on the Court." Id. at 4-5. Plaintiffs' identification of a possible appearance of impropriety goes far beyond any plausible or realistic risk of such an appearance. The attorney in issue is not herself a party with a personal stake in the outcome of the case; she is simply representing a lender. If a ruling by the judge in the present case could create an appearance of impropriety just because that attorney could use the ruling in a case before a different judge to the advantage of the attorney's client, then any judge would have to constantly monitor the judge's rulings for their impact on cases known to be handled by attorneys from whose cases the judge recuses. This judge is not aware of any such requirement or of a practice by any judge to perform such burdensome monitoring.

6

Id. at 8 (footnote omitted).  These substantive additions, in tandem with the different procedural postures, place Ilar in a separate category from Gibo/Lima and Bald.

As to Defendants' arguments that Plaintiffs are judge-shopping, the timing of the Motion relative to this court's recusal in Degamo undercuts that argument.  It was less than a week after this court recused itself from Degamo on June 25, 2013, Degamo, ECF No. 31, that Plaintiffs filed this present Motion.  Ilar, ECF No. 29.  This timeline supports the conclusion that Plaintiffs' Motion is motivated by a desire to have both Ilar and Degamo heard by the same judge rather than to have these cases heard by any particular judge.

**V.    CONCLUSION.**

Given the low bar for reassigning a case under Local Rule 40.2, this court grants Plaintiffs' Motion.  To ensure optimal efficiency, this judge reassigns this case to the same judge and the same magistrate judge as in Degamo.  All future filings in this case should indicate "Civil No. 13-00145 DKW-BMK."  The pending motion to dismiss will be scheduled for hearing by Judge Watson.

7

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 15, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Gloria Macdandang Ilar v. Routh Crabtree Olsen, et al., 13-CV-0145 SOM-RLP, ORDER GRANTING PLAINTIFF'S MOTION UNDER RULE 40.2 TO REASSIGN SIMILAR CASES