Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
CLYDE J. WADSWORTH         8495-0
J. BLAINE ROGERS           8606-1
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:   palston@ahfi.com
          cwadsworth@ahfi.com
          brogers@ahfi.com

Attorneys for Defendants
ROUTH CRABTREE OLSEN, P.S.;
RCO HAWAII, LLLC; STEPHEN D. ROUTH;
DAVID E. FENNELL; BRETT P. RYAN and
DEREK W.C. WONG

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| GLORIA MACADANGDANG ILAR; JEFFERY S. HAMILTON; and KALEIMAEOLE NOLA LINDSEY LATRONIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROUTH CRABTREE OLSEN, P.S., a Washington professional service corporation; RCO HAWAII, LLLC, a Hawaii limited liability law company; FORECLOSURE EXPEDITORS/ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV 13-00145  DKW-BMK<br><br>**DEFENDANTS ROUTH CRABTREE OLSEN, P.S., RCO HAWAII, LLLC, STEPHEN D. ROUTH, DAVID E. FENNELL, BRETT P. RYAN AND DEREK W.C. WONG'S STATEMENT IN SUPPORT OF STAY OF PROCEEDINGS**; CERTIFICATE OF SERVICE<br><br>[Document Nos. 47, 26, 21, 20]<br><br>**HEARING**<br>  DATE:  October 4, 2013<br>  TIME:  9:30 a.m.<br>  JUDGE:  Hon. Derrick K. Watson |

877391 \ 10957-1

INITIATORS LLC, a Washington )
limited liability company; )
NORTHWEST TRUSTEE SERVICES )    TRIAL DATE:  June 10, 2014
INC., a Washington corporation; )    JUDGE:  Hon. Barry M. Kurren
STEPHEN D. ROUTH, individually; )
DAVID E. FENNELL, individually; )
BRETT P. RYAN, individually; )
DEREK W.C. WONG, individually; )
and DOE DEFENDANTS 1-50, )
 )
Defendants. )
_____ )

**DEFENDANTS ROUTH CRABTREE OLSEN, P.S., RCO HAWAII, LLLC, STEPHEN D. ROUTH, DAVID E. FENNELL, BRETT P. RYAN AND DEREK W.C. WONG'S STATEMENT IN SUPPORT OF STAY OF PROCEEDINGS**

This Court should stay this action—not just its decision on the pending motions—until the Ninth Circuit decides the appeals in *Lima v. Deutsche Bank National Trust Co*, Civ. No. 12-00509 SOM-RLP, *Gibo v. U.S. Bank National Ass'n*, Civ. No. 12-00514 SOM-RLP, and *Bald v. Wells Fargo Bank, N.A.*, Civ. No. 13-00135 SOM-KSC (the "Related Federal Cases").  The Ninth Circuit's rulings are likely to have a direct impact on the issues raised in the pending motions.  The prejudice to the parties and the Court in moving forward with any aspect of this case without the benefit of the Ninth Circuit's rulings far outweighs any prejudice to the parties in temporarily postponing this litigation.  A partial stay under which the Court delays its decision on the pending motions, leaving the parties to pursue discovery and other motions, will not be beneficial, for it will lead to work and expense that should never occur if, as Defendants expect, the Ninth Circuit affirms Judge Mollway's well-reasoned decisions.

## I.  THE RELATED FEDERAL AND STATE CASES

### A.  The Related Federal Cases

The *Lima*, *Gibo* and *Bald* plaintiffs sued their respective mortgagees and the mortgagees' attorney, David Rosen, alleging that they violated HRS §§ 667-5 and 480-2 by:  (1) advertising the non-judicial foreclosure auctions of

the plaintiffs' properties as sales by quitclaim deeds; and (2) not publishing notice of the postponement of the non-judicial foreclosure sales of the plaintiffs' properties.  *See Lima* and *Gibo*, 2013 WL 1856255, * 2-*4 (D. Haw. May 6, 2013); *Bald*, 2013 WL 3864449, *2 (D. Haw. July 25, 2013).

The mortgagee defendants moved to dismiss on several grounds, including that neither of the alleged foreclosure "practices" breached any legal duty or was unfair or deceptive.  (*See Lima*, Doc. 19 at 26-35; *Gibo*, Doc. 22 at 24-33; *Bald*, Doc. 8 at 16-28.)  Defendant Rosen also moved to dismiss on the ground that, as the mortgagees' attorney, he owed the plaintiffs no legal duty. (*See Lima*, Doc. 30 at 11-15; *Gibo*, Doc. 38 at11-15; *Bald*, Doc. 5 at 9-13.)

In *Lima* and *Gibo*, Judge Mollway granted the defendants' motions to dismiss, ruling that Hawai`i law did not require the defendants to advertise the sale of plaintiffs' properties by more than a quitclaim deed or to publish notice of postponed foreclosure sales.  *See Lima* and *Gibo*, 2013 WL 1856255, at *5-*8. In *Bald*, Judge Mollway granted the mortgagee defendant's motion for the same reasons.  *See Bald*, 2013 WL 3864449, at *4-*6.  Plaintiffs voluntarily dismissed Defendant Rosen prior to the hearing of his motion.  *Id*. at *1 n.2.

On May 29, 2013, the *Lima* and *Gibo* plaintiffs appealed to the Ninth Circuit.  They filed their Opening Briefs on October 4, 2013, and Defendants' Answering Briefs are currently due on November 4, 2013.

On August 9, 2013, the *Bald* plaintiffs appealed to the Ninth Circuit. Their Opening Brief is currently due on December 18, 2013, and Defendant's Answering Brief is currently due on January 17, 2014.

Because the Ninth Circuit may affirm the district court's judgments in *Lima*, *Gibo* and *Bald* on **any** ground supported by the record (*see Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000)), each of the arguments raised by the defendants in their motions to dismiss – including Defendant Rosen's duty argument in *Lima* and *Gibo* – may, and likely will, be asserted by the defendants on appeal in their respective cases.

## B.     The Related State Cases

### 1.     *Sigwart* and *Hungate*

Following the dismissals in *Lima*, *Gibo* and *Bald*, the same group of Plaintiffs' counsel, representing other foreclosed-upon mortgagors, brought two new cases against David Rosen in Hawai`i state court:  *Sigwart v. Law Office of David B. Rosen*, No. 13-1-2097-07 ECN (Haw. Cir. Ct.), and *Hungate v. Law Office of David B. Rosen*, No. 13-1-2146-08 RAN (Haw. Cir. Ct.).  The plaintiffs in both cases alleged that Defendant Rosen violated HRS § 480-2 by:  (1) failing to publish notice of the postponement of their non-judicial foreclosure sales; and (2) publishing notices of sale that advertised an auction date four weeks or less from first publication, in violation of  HRS § 667-7.  *See* First Am. Compl., *Sigwart*, No. 13-1-2097-07 ECN (Haw. Cir. Ct. Aug. 23, 2013); Compl.,

*Hungate*, No. 13-1-2146-08 RAN (Haw. Cir. Ct. Aug. 6, 2013).

Defendant Rosen moved to dismiss both Complaints on the grounds that:  (1) as the mortgagees' attorney, he owed no legal duty to the plaintiffs; and (2) neither of the alleged acts or omissions breached any legal duty.  *See* Def. Rosen's Mot. to Dismiss First Am. Compl., *Sigwart*, No. 13-1-2097-07 ECN (Haw. Cir. Ct. Sept. 4, 2013); Def. Rosen's Mot. to Dismiss Compl., *Hungate*, No. 13-1-2146-08 RAN (Haw. Cir. Ct. Aug. 28, 2013).

In *Sigwart*, Judge Edwin Nacino granted Defendant Rosen's motion to dismiss, ruling that:  (1) the plaintiffs lacked standing under Chapter 480; and (2) Defendant Rosen owed no duty to the plaintiffs under the facts alleged.  *See* Transcript of Proceedings at 47-48, *Sigwart*, No. 13-1-2097-07 ECN (Haw. Cir. Ct. Oct. 2, 2013).  After the order of dismissal and judgment are entered, the dismissal will be appealable, as all claims will have been resolved.

Defendant Rosen's motion to dismiss in *Hungate* is scheduled to be heard by Judge Rhonda Nishimura on October 16, 2013.

## 2.     Ilar v. Lava Rock Properties, LLC

In December 2011, Plaintiff Ilar sued several defendants in Hawai`i state court in connection with the foreclosure of her property, including the fore-closing mortgagee and the purchaser.  She alleged, among other things, that the mortgagee breached the mortgage and violated HRS §§ 667-5 and 480-2 by failing to publish notice of the postponed foreclosure sale.  First Am. Compl., *Ilar v.*

*Lava Rock Prop., LLC*, No. 11-1-3091-12 KTN (Haw. Cir. Ct. Nov. 2, 2012).

On September 10, 2013, Judge Karen Nakasone denied the plaintiff's motion for partial summary judgment, ruling that neither the mortgage nor HRS § 667-5 required a published notice of the postponement of the non-judicial fore-closure sale.  *See* Transcript of Proceedings at 42-46, *Ilar*, No. 11-1-3091-12 KTN (Haw. Cir. Ct. Sept. 10, 2013).  A trial date has not been set in *Ilar.*

## II.   THIS COURT HAS AUTHORITY TO STAY THIS CASE

The Court's power to stay proceedings is incident to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the Court, counsel and litigants.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07, 117 S. Ct. 1636 (1997).  For the sake of judicial economy, such a stay may be granted pending the outcome of other legal proceedings related to the case.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Id.  See also Pesticide Action Network N. Am. v. EPA*, No. C 08-1814, 2008 WL 5130405,*9 (N.D. Cal. Dec. 5, 2008) (staying case where Ninth Circuit's decision in a related matter would likely "bear on" the plaintiffs' claims); *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08cv1521 AJB (WVG), 2013 WL 4716202, *2 (S.D. Cal. Sept. 3, 2013) (discretion to stay "is

appropriately used when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented").

The Court's determination of whether a stay is appropriate "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The Ninth Circuit has stated that these competing interests include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

These factors weigh heavily in favor of a stay of this case.

## III.   A STAY OF THIS ACTION WILL SERVE THE INTEREST IN JUDICIAL ECONCOMY WITH NO HARM TO THE PARTIES

The Complaint and the pending motions raise several issues that the Ninth Circuit will likely consider in the *Lima*, *Gibo* and *Bald* appeals, including:

- Whether a mortgagee's counsel owes a legal duty to the mortgagor for the purpose of imposing Chapter 480 liability;

- Whether advertising the non-judicial foreclosure auction of the mortgagor's property as a sale by quitclaim deed breaches any legal duty; and

- Whether not publishing notice of the postponement of non-judicial foreclosure sales breaches any legal duty.

Staying proceedings pending the Ninth Circuit's rulings on these issues would likely simplify and clarify the issues raised in the RCO Defendants'

motion to dismiss.  *See Pesticide Action Network*, 2008 WL 5130405, at \*9 (it would be "premature" to hear certain claims where resolution of an appeal in a related case may compel claims to be dismissed).  Even if the Ninth Circuit's rulings do not control the resolution of this case, they are likely to substantially aid the Court by narrowing and providing insight on the relevant issues.

Moreover, moving forward with this case prior to the Ninth Circuit's decisions on the key issues in *Lima*, *Gibo* and *Bald* – which are also raised here in the Defendants' motions to dismiss – could result in inconsistent rulings.  *See Karoun Dairies*, 2013 WL 4716202, at \*2.  If this Court were to reach conclusions contrary to those reached by the Ninth Circuit, "it would result in significant confusion and would likely extend litigation in order to address the inconsistent decisions."  *Id*. at \*5.  As a result, inconsistent rulings would waste judicial time and resources as well as impose hardship and inequity on the parties.

Moving forward with this case without awaiting the Ninth Circuit's decisions would require the parties to expend significant time and expense to litigate issues involving allegedly "unfair" practices that may be completely invalidated by the Ninth Circuit's rulings.  It would also cause prejudice to Defendants if this case continued and the Ninth Circuit later issued decisions that required re-litigating certain issues.  Moving forward similarly would require the Court to expend time on issues that may be fully adjudicated by the Ninth Circuit.

Any prejudice to Plaintiffs caused by the temporary delay of this litigation would be minimal.  Briefing is underway in *Lima* and *Gibo* and will begin shortly in *Bald.*  The appeals will likely be concluded within a reasonable time in relation to the relative non-urgency of Plaintiffs' claims.  Plaintiffs did not bring this suit until at least two (Ilar), three (Latronic) and four (Hamilton) years after the foreclosure sales of their respective properties.  (*See* FAC ¶¶ 62, 113, 169.)  And Plaintiffs seek "only damages for past harm."  *Lockyer*, 398 F.3d at 1112.  Delay of Plaintiffs' suit would result, at worst, in a delay in their monetary recovery, as they also seek prejudgment interest.  *See CMAX*, 300 F.3d at 268.

No damage will result from entering a stay under these circumstances.  Rather, the parties and this Court may be *harmed* if this case proceeds without the benefit of the Ninth Circuit's anticipated guidance on legal issues bearing directly on the issues presented by the pending motions to dismiss.  Because the Related Federal Cases involve very similar issues, it is most efficient for the parties and the Court to await the Ninth Circuit's rulings.

Dated:  Honolulu, Hawai`i, October 11, 2013.

_____/s/ Clyde J. Wadsworth_____
PAUL ALSTON
CLYDE  J. WADSWORTH
J. BLAINE ROGERS
Attorneys for Defendants
ROUTH CRABTREE OLSEN, P.S.;
RCO HAWAII, LLLC; STEPHEN D. ROUTH;
DAVID E. FENNELL; BRETT P. RYAN
and DEREK W.C. WONG

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address(es):

**Served Electronically through CM/ECF:**

| | | |
|---|---|---|
| Stanley H Roehrig | shroehrig@hawaii.rr.com | October 11, 2013 |
| James J. Bickerton | bickerton@bsds.com | October 11, 2013 |
| John F. Perkin | perkin@perkinlaw.com | October 11, 2013 |
| Edmund K. Saffery | esaffery@goodsill.com | October 11, 2013 |
| Brandee J. Faria | bjkfaria@perkinlaw.com | October 11, 2013 |
| Van-Alan H. Shima | vshima@affinitylaw.com | October 11, 2013 |
| Audrey Malia Yap | ayap@goodsill.com | October 11, 2013 |

**Served by First Class Mail, U.S. Postal Service:**

Raymond C. Cho                                      October 11, 2013
Affinity Law Group
1188 Bishop St., Ste 3408
Honolulu, HI  96813

Dated:  Honolulu, Hawai`i, October 11, 2013.


      /s/ Clyde J. Wadsworth
PAUL ALSTON
CLYDE  J. WADSWORTH
J. BLAINE ROGERS

Attorneys for Defendants
ROUTH CRABTREE OLSEN, P.S.;
RCO HAWAII, LLLC; STEPHEN D. ROUTH;
DAVID E. FENNELL; BRETT P. RYAN
and DEREK W.C. WONG