**GOODSILL ANDERSON QUINN & STIFEL**
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY            5860-0
esaffery@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorney for Defendants
FORECLOSURE EXPEDITORS/INITIATORS, LLC
and NORTHWEST TRUSTEE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFERY S. HAMILTON; and KALEIMAEOLE NOLA LINDSEY LATRONIC, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>FORECLOSURE EXPEDITORS/ INITIATORS, LLC, a Washington limited liability company; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; and DOE DEFENDANTS 1-50,<br><br>                    Defendants | CIVIL NO. 13-00145 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS FORECLOSURE EXPEDITORS/INITIATORS, LLC AND NORTHWEST TRUSTEE SERVICES, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>Trial Date: Vacated. |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS
FORECLOSURE EXPEDITORS /INITIATORS, LLC AND
NORTHWEST TRUSTEE SERVICES, INC. PETITION FOR
<u>DETERMINATION OF GOOD FAITH SETTLEMENT</u>**

Before the Court is Defendants Foreclosure Expeditors/Initiators, LLC, and Northwest Trustee Services, Inc.'s Petition for Determination of Good Faith Settlement, filed on April 24, 2020 ("Petition").  *See* ECF No. 119.  The Petition seeks approval of the confidential settlement between the parties under Hawaii Revised Statutes Section 663-15.5.   The Court found this matter suitable for disposition without a hearing under Local Rule 7.1(c).  *See* ECF No. 123.

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.[1]

## BACKGROUND

On September 4, 2012, Plaintiff Gloria Macadangdang Ilar ("Ilar"), individually and on behalf of all others similarly situated, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaiʻi, against defendants Routh Crabtree Olsen, P.S. ("RCO"); RCO Hawaii, LLLC ("RCO Hawaii"), Foreclosure

---

[1]  Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Expeditors/Initiators, LLC ("FEI"), Stephen D. Routh ("Routh"), David E. Fennell ("Fennel"), Brett P. Ryan ("Ryan"), and Derek W.C. Wong ("Wong"). The case was removed to this court on March 27, 2013.

Ilar filed a First Amended Complaint on April 24, 2013 ("FAC") which named Jeffrey S. Hamilton ("Hamilton") and Kaleimaeole Nola Lindsey Latronic ("Latronic") as additional plaintiffs and Northwest Trustee Services, Inc. ("NWTS") as an additional defendant (all defendants identified in the FAC are collectively referred to as "Co-Defendants").

On April 22, 2014, the parties stipulated to the dismissal of Ilar's claims against Co-Defendants with prejudice. *See* ECF No. 54. On October 17, 2017, the parties stipulated to the dismissal of claims against all Co-Defendants except NWTS and FEI as a result of the Hawaii Supreme Court's holding in *Hungate v. Law Office of David B. Rosen*, 139 Hawai'i 394 (2017) (holding that a mortgagee's attorney agent cannot be liable for violations of Hawaii Revised Statutes § 480-2 for an allegedly wrongful foreclosure). *See* ECF No. 72. Thus, the only parties left in this case are Plaintiffs Hamilton and Latronic and Defendants NWTS and FEI. Although Plaintiffs brought their claims as a purported class action, Plaintiffs did not, prior to entering into the settlement that is the subject of this Findings and Recommendation, move to certify the class.

A.	**Brief Factual Background**

All of the Plaintiffs' allegations arise out of the alleged wrongful foreclosures of their properties. The FAC alleges that each Plaintiff executed a mortgage on respective properties which contained a power of sale clause. [FAC at ¶¶ 31-33; 147-48]. The mortgagees of each respective mortgagor or assignee subsequently commenced non-judicial foreclosure proceedings under each power of sale. [FAC at ¶¶ 36-38; 150-152]. The Plaintiffs allege that each property was sold at a foreclosure auction. [FAC at ¶¶ 62; 69; 70; 169; 174; 177]. Each Plaintiff alleges multiple deficiencies in the foreclosure process.

NWTS and FEI were not the foreclosing financial institutions or mortgagees under the Plaintiffs' mortgages. Plaintiffs brought claims against all Co-Defendants originally named in the Complaint and FAC for allegedly carrying out or assisting in the foreclosure sales on behalf of the mortgagees. Specifically, as to NWTS and FEI, Plaintiffs allege that NWTS was hired by foreclosing mortgagees to "assist" mortgagees in the non-judicial foreclosures of the Plaintiffs' respective properties, [FAC, Dkt. 10 at ¶36, 151], that NWTS then retained law firms RCO and RCO Hawaii to aid in the foreclosures [FAC at ¶¶36, 37, 151], and that NWTS and RCO then arranged for FEI to publish notices of foreclosure in the newspaper. [FAC at ¶¶46, 47,161].

Plaintiffs claim that multiple alleged deficiencies in the foreclosure

proceedings made the foreclosures of their properties "wrongful," constituted violations of Hawaii Revised Statutes § 480-2, and/or constituted tortious interference with prospective economic advantage.  [FAC at ¶209-10].

On August 9, 2017, Defendants filed a Motion to Dismiss the FAC.  ECF No. 68.  On November 28, 2017, Defendants' Motion to Dismiss was granted with respect to the claims of wrongful foreclosure and tortious interference with prospective economic advantage, leaving only the claim for violations of Haw. Rev. Stat. § 480-2 remaining.  ECF No. 76.  In its Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, the district court held that until the Plaintiffs moved for and obtained class certification, it would only consider the claims that Plaintiffs brought as individuals.  *Id.* at 1.

**B.     The Settlement of the Claims Between Plaintiffs and Defendants**

Plaintiffs and Defendants participated in early settlement conferences with the Court on March 9, 2018 and May 10, 2018.  Following the March 9, 2018 settlement conference, NWTS was placed into receivership with a receiver being appointed by the Superior Court of the State of Washington, County of King, on or around March 28, 2018.

As a result of the settlement discussions with the Court, Plaintiffs agreed on May 10, 2018 to settle their remaining claims against Defendants subject to certain terms put on the record and memorialized in a material term sheet submitted to the

Court under seal. The settlement agreed to at the May 10, 2018 settlement conference, which was to be reduced to a formal settlement agreement executed by the parties, was conditioned on the approval of said settlement by the Superior Court of the State of Washington in the Receivership Proceeding. That approval was entered in the Receivership Proceeding on or about February 28, 2020.

On April 24, 2020, Defendants filed a Petition for Determination of Good Faith Settlement. ECF No. 119.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors; (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater; (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement; and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. *See* Haw. Rev. Stat. § 663-15.5(a) and (d). To determine whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

5

> (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer v. Adams*, 102 Hawai'i 399, 427, 77 P.3d 83, 111 (2003). This list of factors is not exclusive. *Id.*

An agreement to settle a claim is made in good faith when the totality of the circumstances shows that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *See id.* (stating that the goal of the statute is to "prevent collusive settlements aimed at injuring non-settling tortfeasors' interests[.]"). Haw. Rev. Stat. § 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. *See Whirlpool Corp. v. CIT Group/Bus. Credit, Inc.*, 293 F.Supp.2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. *See* Haw. Rev. Stat. § 663-15.5(b).

The court is very familiar with the facts and circumstances of this case from its extensive work with the parties in multiple settlement and status conferences. The Court is also very familiar with the settlement value of cases like this one due to substantial involvement in resolving many other wrongful foreclosure cases. After considering the terms of the settlement among plaintiffs and defendants,

along with the factors set forth in *Troyer v. Adams* and Haw. Rev. Stat. § 663-15.5, the court finds and recommends that the material terms of the settlement meet the purpose of Haw. Rev. Stat. § 663-15.5 and that the settlement was entered into in good faith. The Court further finds and recommends that other joint tortfeasors or co-obligors be barred from asserting any future claims against the settling parties.

## CONCLUSION

Based on the Court's consideration of the Petition and the totality of the circumstances, the Court FINDS that the settlement between the parties was in good faith under Hawaii Revised Statutes Section 663-15.5 and RECOMMENDS that Defendants Foreclosure Expeditors/Initiators, LLC, and Northwest Trustee Services, Inc.'s Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 29, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Hamilton et al., v. Foreclosure Expeditors/Initiators, LLC, et al.*, Civ. No. 13-00145 DKW-KJM; FINDINGS AND RECOMMENDATION GRANTING DEFENDANTS FORECLOSURE EXPEDITORS/INITIATORS, LLC AND NORTHWEST TRUSTEE SERVICES, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT